IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **Allan Delange, Board of Trustees Chairman, and William Blumm, Board of Trustees Secretary, on behalf of NORTHWEST INDIANA PAINTERS WELFARE FUND; James Mitchell, Sr., Board of Trustees Chairman, and John Arvin, Board of Trustees Secretary, on behalf of NORTHWEST INDIANA PAINTERS JOINT APPRENTICESHIP & TRAINING TRUST FUND; and, NORTHWEST INDIANA LOCAL 460, DISTRICT COUNCIL 91, IUPAT, AFL-CIO** ) ) ) ) ) ) ) ) ) ) ) ) | ) CASE NO. 2:08-CV-170-WCL-APR |
| Plaintiffs, ) | |
| vs. ) | |
| ) | |
| **BANKS DESIGN, INC.; BRYAN L. BANKS; and, BRYAN L. BANKS d/b/a BANKS DESIGN, INC.** ) ) ) | |
| Defendants. ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT AGAINST
<u>DEFENDANTS BANKS DESIGN, INC. AND BRYAN L. BANKS</u>**

Plaintiffs **Allan Delange, Board of Trustees Chairman, and William Blumm, Board of Trustees Secretary, on behalf of NORTHWEST INDIANA PAINTERS WELFARE FUND; James Mitchell, Sr., Board of Trustees Chairman, and John Arvin, Board of Trustees Secretary, on behalf of NORTHWEST INDIANA PAINTERS JOINT APPRENTICESHIP & TRAINING TRUST FUND**; and, **NORTHWEST INDIANA LOCAL 460, DISTRICT COUNCIL 91, IUPAT, AFL-CIO,** by their attorneys, **PAUL T. BERKOWITZ & ASSOCIATES, LTD.**, file this Memorandum in Support of their Motion for Summary Judgment Against Defendants **BANKS DESIGN, INC.** and **BRYAN L. BANKS,** stating as follows:

**Background**

The instant Complaint was filed due to Defendant Banks Design, Inc.'s ("Banks Design" or "Company") failure to pay its statutorily (and contractually) required pre-tax fringe benefit contributions on behalf of said Company's bargaining unit employees to Plaintiffs Northwest Indiana Painters Welfare Fund and Northwest Indiana Painters Joint Apprenticeship & Training Trust Fund (collectively known as the "Trust Funds"). The lawsuit was also filed because both the Company and Bryan L. Banks failed to pay their statutorily (and contractually) required post-tax deduction payments on behalf of said Company's bargaining unit employees. Under Indiana law, the Complaint alleged that the failure to transmit the payroll deductions created a constructive trust for said monies with Bryan L. Banks being the trustee. His unlawful retention of said monies leaves him personally liable for the payroll deductions.

**STATEMENT OF MATERIAL FACTS TO WHICH THERE IS NO GENUINE ISSUE**

**1.** Plaintiffs Trust Funds were created pursuant, and are subject, to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 et seq. ("ERISA"). The Trust Funds' purpose is to provide benefits for individuals working in the painting and related industries.[1]

**2.** Plaintiff Northwest Indiana Local 460, District Council 91, IUPAT, AFL-CIO ("Union") is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee members working within this judicial district.[2]

**3.** At all times material herein, Defendant Banks Design has been signatory to a Memorandum of Agreement with the Union which binds said Company to the Union's master collective bargaining agreement. Among the contractual obligations included in the collective

---

[1] See Exh. D, Affidavit of Henry G. Sierra, para. 10.
[2] Exh. D, para. 1.

bargaining agreement are that Banks Design make certain monthly payments of post-tax monies earned by and deducted from its bargaining unit employees' paychecks and that the Company submit monthly reporting forms to document what Banks Design considers to be owed. [3]

4.   At all times material herein, Defendant Banks Design has been bound to the Trust Funds' Trust Agreements on the basis of its being signatory to the Union's collective bargaining agreement.  Among the contractual obligations created by the Trust Funds' Trust Agreements are that pre-tax monies (contributions) be paid on behalf of company's bargaining unit employees. [4]

5.   The Company's and the Union's collective bargaining agreement provides for a 15% liquidated damage fee to be charged for delinquent contributions to the Trust Funds and for the same fee to be charged for delinquent deductions. [5]

6.   Despite Plaintiffs' numerous requests, Defendants Banks Design, Inc. and Bryan L. Banks have failed to pay the principal amounts (and liquidated damages) due. [6]

7.   Based upon Plaintiffs' payroll auditor's audit of Defendants' books and records, Defendant Banks Design owes: $13,013.42 in delinquent principal contributions; audit fees; and, liquidated damages to the Plaintiffs Trust Funds for the period of January 1, 2004 through September 30, 2007. [7]

8.   Additionally $5,373.00 in delinquent principal, audit fees and liquidated damages are owed to the Plaintiffs Trust Funds for the audit period of October 1, 2007 through April 30, 2008. [8]

---

[3] See Exh. A - Memorandum of Agreement; Exh. B – Collective Bargaining Agreement; and, Exh. D, para. 3; and, Article IV, pg. 5.
[4] Exh. B, pg. 12, Article V and pg. 25, Article XII, Sec. 1(a).
[5] Exh. B, pg. 8, Sec. 2(a) and (b).
[6] Exh. D, para. 8.
[7] See Exh. C, Affidavit of Arlene David.
[8] See Exh. C.

**9.** Further based on the same audits, $945.30 in delinquent principal deductions and interest are owed for the period of January 1, 2004 through December 31, 2007 and $4,250.66 in delinquent principal deductions and interest are owed for the period of June 1, 2007 through May 31, 2008 to the Union .[9]

## ARGUMENT

This is an open and shut case. On or about April 16, 2004, Banks Design signed the Union's Memorandum of Agreement thereby binding it to the Union's Master Agreement and to the Plaintiffs Trust Funds' Trust Agreements. Defendant Banks Design has failed to make all of the contributions, plus liquidated damages, which it now owes to the Plaintiffs Trust Funds. Defendant Banks Design owes: $13,013.42 in delinquent principal contributions, audit fees and liquidated damages to the Plaintiffs Trust Funds for the period of January 1, 2004 through September 30, 2007. The Company also owes $5,373.00 in delinquent principal, audit fees and liquidated damages for the audit period of October 1, 2007 through April 30, 2008.

The Plaintiff Trust Funds have brought their collection complaint pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. § 1132 and 1145. This law authorizes multiemployer plans to sue for delinquent contributions owed "under the terms of the plan or under the terms of a collectively bargained agreement." 29 U.S.C. § 1145; see also § 1132(d)(1). *Central States, Southeast & Southwest Areas Pension Fund v. Schilli*, 420 F. 3d 663, 670 (7th Cir. 2005). As stated by the Seventh Circuit in *Sullivan v. Cox*, 78 F. 3d 322, 324 (7th Cir. 1996):

> "The audit revealed delinquent contributions of $106,746.53, plus penalties and interest. On this basis, Plaintiff successfully moved for summary judgment against Cox on its ERISA claim. Section 1145 of ERISA states,
>
> Every employer who is obligated to make contributions to a multiemployer plan

---
[9] Exh. D, Affidavit of Henry G. Sierra.

4

>under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. §1145. ERISA essentially imposes a federal obligation on employers who contractually agree to contribute to employee pension plans. Employers who fail to meet the Section 1145 obligation are liable for federal remedies, court costs, attorney's fees, and liquidated damages or interest under 29 U.S.C. § 1132(g)(2)."

The import of a delinquency finding upon the delinquent contractor was spelled out by the Eleventh Circuit in *Carriers Container Council, Inc. v. Mobil Steamship Association, Inc.*, 896 F. 2d 1330, 1346 (11th Cir. 1990), op amended on other grounds on reh'g in part, 904 F. 2d 28 (11th Cir. 1990), cert den. 498 U.S. 926 (1990), ("Carriers Container") which specifically stated that "(u)nder section 1132 (g)(2) when a plan sponsor prevails in an action to enforce delinquent payments, the court must award the plan sponsor, the following:

>'(A) the unpaid contributions,
>
>'(B) interest on the unpaid contributions,
>
>'(C)    an amount equal to the greater of -
>
>>'(i)    interest on the unpaid contributions, or
>>
>>'(ii)   liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A).
>
>'(D)   reasonable attorney's fees and costs of the action, to be paid by the defendants . . . 29 U.S.C.A. § 1132(g)(2)."

Continuing, the *Mobile Steamship* decision held that: "An award of attorneys' fees in a delinquent payment case is mandatory under the statute. See *Moriarty v. Svec*, 233 F.3d 955, 963 (7th Cir. 2000), cert. denied, 532 U.S. 1066, 150 L. Ed. 2d 209, 121 S. Ct. 2216 (2001) and 533 U.S. 930 (2001); *Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 608 (7th Cir.

5

2002); *United Retail and Wholesale Employees v. Yahn & McDonnell, Inc.,* 787 F.2d. 128, 134-135 (3d Cir. 1986), aff'd by equally divided court, 481 U.S. 735; *Plumbers' Pension Fund Local 130 v. Domas Mech. Contractors, Inc.,* 778 F.2d. 1266, 1271 (7th Cir. 1985); *Operating Engineers Pension Trust v. Reed*, 726 F.2d. 513, 514 (9th Cir. 1984) (Kennedy, J.); see also *Nachwalter v. Christie*, 805 F.2d. 956, 961 (11th Cir. 1986) (citing *Plumber's Pension Fund*, 778 F.2d at 1271). Under the statute, the district court must award the Mobil Plan, the unpaid withdrawal payments (delinquent payments), double interest[10] on those contributions and attorneys' fees.  See *United Retail and Wholesale*, 787 F.2d at 134-135; 29 U.S.C.A. §1132(g)(2) (footnote 31 eliminated)." Awards of liquidated damages are "mandatory in an action in which judgment in favor of the plan is awarded." *Central States, Southeast & Southwest Areas Pension Fund v. Gerber Truck Service, Inc.*, 870 F.2d 1148, 1156 (7th Cir. 1989), citing *Gilles v. Burton Construction Co.*, 736 F.2d 1142, 1144 (7th Cir. 1984).

Based on this case law, Defendant Banks Design owes and is obligated to pay Plaintiffs Trust Funds: $18,386.42 in delinquent principal contributions, audit fees and liquidated damages. Further, the decision in the **Carriers Container** held that Plaintiffs Trust Funds are entitled to double interest (liquidated damages) in the amount of $3,712.69 (=$797.71 for the payroll audit of 1/1/04-9/30/07 and $2,914.98 for the payroll audit of 10/1/07-4/30/08).[11]  Thus, the total amount of monies owed to the Plaintiffs Trust Funds is $22,099.11 (=$18,386.42 + $3,712.69).

Defendant Banks Design is also liable to the Union pursuant to 29 U.S.C. §185.  The Union has the right to enforce monetary obligations incurred by an employer pursuant to the parties' collective bargaining agreement which in this case includes the uncollected pre-tax

---

[10] The Carriers Container decision recognized in its footnote 30 that "the (Plaintiff) plan has no liquidate damages provision.  Accordingly, the plan should receive interest on the unpaid contributions twice: once under §1132(g)(2)(B) and once under § 1132 (g)(2)(C)(i)." (This is actually footnote 3 in the above cited material.).
[11] See audit reports attached to Affidavit of Arlene David, Exh. C.

payroll deductions taken by Banks Design from its employees' paychecks. **Jim McNeff, Inc. v. Todd**, 461 U.S. 260, 269 (1983). Thus, the Union is entitled to payment of $5,195.96 in delinquent principal deductions and interest.

Defendant Bryan L. Banks is individually and personally liable for the unpaid delinquent principal deductions (and interest) because he deducted monies from his employees' paychecks and retained said monies, rather than transmit said monies to the designated depository as he was contractually required to do. As stated in the case of *Zygulski v. Daugherty, 236 B.R. 646, 652 (N.D. Ind. 1999)*,[12] "Indiana law describes a constructive trust as a 'fiction of equity, devised for the purpose of making equitable remedies available against one who through fraud or other wrongful means acquires the property of another.' (Citations omitted.)". The principal of a constructive trust certainly applies to Bryan L. Banks because he ". . . through fraud or other wrongful means acquires the property of another". He took monies out of his employees' paychecks and then kept the monies for his own purposes.

Finally, Plaintiffs are entitled to be reimbursed for the $7,062.50 and $350 in attorneys' fees and costs, respectively, incurred in this collection matter pursuant to ERISA and the provisions stated in the collective bargaining agreement.[13]

For the above stated reasons, Plaintiffs' Motion for Summary Judgment should be granted and (1) Defendant Banks Design be ordered to pay: $18,386.42 which includes delinquent principal, liquidated damages and audit fees, plus $3,712.69 in double damages to Plaintiffs Trust Funds; (2) Defendants Banks Design and Bryan L. Banks be jointly and severally ordered to pay $5,195.96 in delinquent deductions and interest to the Plaintiff Union; and, (3) Defendants Banks Design and Bryan L. Banks should be ordered to jointly and severally, pay $7,062.50 and $350 to Plaintiffs for

---

[12] Exh. F, attached hereto.
[13] Exh. E, Affidavit of Paul T. Berkowitz.

their attorneys' fees and costs, respectively.

                                          Respectfully submitted,

                                          **PAUL T. BERKOWITZ & ASSOCIATES, LTD.**

                                          By         s/ Paul T. Berkowitz
                                                  **PLAINTIFFS' ATTORNEYS**

PAUL T. BERKOWITZ
& ASSOCIATES, LTD.
Suite 600
123 West Madison Street
Chicago, Illinois  60604
(312) 419-0001
(312) 419-0002 - FAX
Attorney ID No. 19025-49

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

>Arthur C. Johnson, II
>acj@JohnsonRappa.com
>
>Steven A. Johnson
>saj@ JohnsonRappa.com


      /s Paul T. Berkowitz


PAUL T. BERKOWITZ & ASSOCIATES, LTD.
123 West Madison Street, Suite 600
Chicago, Illinois 60602
P: (312) 419-0001
F: (312) 419-0002
E: info@ptblaw.com
Attorney ID #19025-49