UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ALLAN DELANGE, <u>et al.</u>, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL NO. 2:08cv170 |
| | ) |
| BANKS DESIGN, INC., <u>et al.</u>, | ) |
| | ) |
| Defendants. | ) |

<u>OPINION AND ORDER</u>

This matter is before the court on a motion for summary judgment filed by the plaintiffs, Allan Delange, Board of Trustees Chairman, and William Blumm, Board of Trustees Secretary, on behalf of Northwest Indiana Painters Welfare Fund; James Mitchell, Sr., Board of Trustees Chairman, and John Arvin, Board of Trustees Secretary, on behalf of Northwest Indiana Painters Joint Apprenticeship & Training Trust Fund; and Northwest Indiana Local 460, District Council 91, IUPAT, AFL-CIO, on November 16, 2009.

The defendants Banks Design, Inc., Bryan L. Banks, and Bryan L. Banks d/b/a Banks Design, Inc., have reported to the court that they do not intend to file a response to the motion.

For the following reasons, the motion will be granted.

<u>Summary Judgment Standard</u>

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©. However, Rule 56© is not a requirement that the moving party negate his opponent's claim. <u>Fitzpatrick v. Catholic Bishop of Chicago</u>, 916 F.2d 1254, 1256 (7th Cir.

1990). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The standard for granting summary judgment mirrors the directed verdict standard under Rule 50(a), which requires the court to grant a directed verdict where there can be but one reasonable conclusion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." Id. In Re Matter of Wildman, 859 F.2d 553, 557 (7th Cir. 1988); Klein v. Ryan, 847 F.2d 368, 374 (7th Cir. 1988); Valentine v. Joliet Township High School District No. 204, 802 F.2d 981, 986 (7th Cir. 1986). No genuine issue for trial exists "where the record as a whole could not lead a rational trier of fact to find for the nonmoving party." Juarez v. Ameritech Mobile Communications, Inc., 957 F.2d 317, 322 (7th Cir. 1992)(quoting Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

Initially, Rule 56 requires the moving party to inform the court of the basis for the motion, and to identify those portions of the "pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, which demonstrate the absence of a genuine issue of material fact, Celotex, 477 U.S. at 323. The non-moving party may oppose the motion with any of the evidentiary materials listed in Rule 56(c), but reliance on the pleadings alone is not sufficient to withstand summary judgment. Goka v. Bobbitt, 862 F.2d 646, 649 (7th Cir. 1988); Guenin v. Sendra Corp., 700 F. Supp. 973, 974 (N.D. Ind. 1988); Posey v. Skyline

Corp., 702 F.2d 102, 105 (7th Cir.), cert. denied, 464 U.S. 960 (1983).

So that the district court may readily determine whether genuine issues of material fact exist, under Local Rule 56.1, the moving party is obligated to file with the court a "Statement of Material Facts" supported by appropriate citation to the record to which the moving party contends no genuine issues exist. In addition, the non-movant is obligated to file with the court a "Statement of Genuine Issues" supported by appropriate citation to the record outlining all material facts to which the non-movant contends exist that must be litigated. See, Waldridge v. American Hoechst Corp. et al., 24 F.3d 918 (7th Cir. 1994). In ruling on a summary judgment motion the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence or the credibility of witnesses. Anderson, 477 U.S. at 249-251, 106 S.Ct. at 2511. Furthermore, in determining the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the "Statement of Genuine Issues" filed in opposition to the motion. L.R. 56.1

Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. Anderson, 477 U.S. at 248. Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute. Id. The issue of fact must be genuine. Fed. R. Civ. P. 56©, (e). To establish a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586; First National Bank of Cicero v. Lewco Securities Corp., 860 F.2d 1407, 1411 (7th Cir. 1988). The non-moving party must come forward with

specific facts showing that there is a genuine issue for trial. Id. A summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-252. Finally, the court notes that, "[i]t is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the outcome is foreordained" and in such cases summary judgment is appropriate. Mason v. Continental Illinois Nat'l Bank, 704 F.2d 361, 367 (7th Cir. 1983).

Discussion

The plaintiffs' complaint alleges that Defendant Banks Design, Inc.'s ("Banks Design" or "Company") failed to pay its statutorily (and contractually) required pre-tax fringe benefit contributions on behalf of said Company's bargaining unit employees to Plaintiffs Northwest Indiana Painters Welfare Fund and Northwest Indiana Painters Joint Apprenticeship & Training Trust Fund (collectively known as the "Trust Funds"). Under Indiana law, the Complaint alleges that the failure to transmit the payroll deductions created a constructive trust for said monies with Bryan L. Banks ("Banks") being the trustee. The complaint further alleges that Bank's unlawful retention of said monies leaves him personally liable for the payroll deductions.

The plaintiffs set forth the following facts which they assert are undisputed. The Trust Funds were created pursuant, and are subject, to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 et seq. ("ERISA"). The Trust Funds' purpose is to provide benefits for individuals working in the painting and related industries.

Plaintiff Northwest Indiana Local 460, District Council 91, IUPAT, AFL-CIO ("Union") is a labor organization whose duly authorized officers or agents are engaged in representing or

acting for employee members working within this judicial district.

At all times relevant to this action, Banks Design has been signatory to a Memorandum of Agreement with the Union which binds said Company to the Union's master collective bargaining agreement. Among the contractual obligations included in the collective bargaining agreement are that Banks Design make certain monthly payments of post-tax monies earned by and deducted from its bargaining unit employees' paychecks and that the Company submit monthly reporting forms to document what Banks Design considers to be owed.

At all times relevant to this action, Banks Design has been bound to the Trust Funds' Trust Agreements on the basis of its being signatory to the Union's collective bargaining agreement. Among the contractual obligations created by the Trust Funds' Trust Agreements are that pre-tax monies (contributions) be paid on behalf of company's bargaining unit employees. The Company's and the Union's collective bargaining agreement provides for a 15% liquidated damage fee to be charged for delinquent contributions to the Trust Funds and for the same fee to be charged for delinquent deductions.

Despite Plaintiffs' numerous requests, Banks Design, Inc. and Bryan L. Banks have failed to pay the principal amounts (and liquidated damages) due. Based upon Plaintiffs' payroll auditor's audit of Defendants' books and records, Banks Design owes: $13,013.42 in delinquent principal contributions; audit fees; and, liquidated damages to the Plaintiffs Trust Funds for the period of January 1, 2004 through September 30, 2007. Additionally $5,373.00 in delinquent principal, audit fees and liquidated damages are owed to the Plaintiffs Trust Funds for the audit period of October 1, 2007 through April 30, 2008. Further based on the same audits, $945.30 in delinquent principal deductions and interest are owed for the period of January 1, 2004 through

December 31, 2007 and $4,250.66 in delinquent principal deductions and interest are owed for the period of June 1, 2007 through May 31, 2008 to the Union.

The Plaintiff Trust Funds have brought their collection complaint pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. § 1132 and 1145. This law authorizes multiemployer plans to sue for delinquent contributions owed "under the terms of the plan or under the terms of a collectively bargained agreement." 29 U.S.C. § 1145; see also § 1132(d)(1). <u>Central States, Southeast & Southwest Areas Pension Fund v. Schilli</u>, 420 F. 3d 663, 670 (7th Cir. 2005); <u>Sullivan v. Cox</u>, 78 F. 3d 322, 324 (7th Cir. 1996).

The import of a delinquency finding upon the delinquent contractor was spelled out by the Eleventh Circuit in <u>Carriers Container Council, Inc. v. Mobil Steamship Association, Inc.</u>, 896 F. 2d 1330, 1346 (11th Cir. 1990), <u>op amended on other grounds on reh'g in part</u>, 904 F. 2d 28 (11th Cir. 1990), <u>cert den</u>. 498 U.S. 926 (1990), which specifically stated that "(u)nder section 1132 (g)(2) when a plan sponsor prevails in an action to enforce delinquent payments, the court must award the plan sponsor, the following:

'(A) the unpaid contributions,

'(B) interest on the unpaid contributions,

'(C)    an amount equal to the greater of -

    '(I)    interest on the unpaid contributions, or

    '(ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A).

'(D)    reasonable attorney's fees and costs of the action, to be paid by the defendants . . . 29U.S.C.A. § 1132(g)(2)."

The Mobile Steamship decision further held that: "An award of attorneys' fees in a delinquent payment case is mandatory under the statute. See Moriarty v. Svec, 233 F.3d 955, 963 (7th Cir. 2000), cert. denied, 532 U.S. 1066, 150 L. Ed. 2d 209, 121 S. Ct. 2216 (2001) and 533 U.S. 930 (2001); Laborers' Pension Fund v. Blackmore Sewer Constr., Inc., 298 F.3d 600, 608 (7th Cir. 2002); United Retail and Wholesale Employees v. Yahn & McDonnell, Inc., 787 F.2d. 128, 134-135 (3d Cir. 1986), aff'd by equally divided court, 481 U.S. 735; Plumbers' Pension Fund Local 130 v. Domas Mech. Contractors, Inc., 778 F.2d. 1266, 1271 (7th Cir. 1985); Operating Engineers Pension Trust v. Reed, 726 F.2d. 513, 514 (9th Cir. 1984) (Kennedy, J.); see also Nachwalter v. Christie, 805 F.2d. 956, 961 (11th Cir. 1986) (citing Plumber's Pension Fund, 778 F.2d at 1271). Under the statute, the district court must award the Mobil Plan, the unpaid withdrawal payments (delinquent payments), double interest on those contributions and attorneys' fees. See United Retail and Wholesale, 787 F.2d at 134-135; 29 U.S.C.A. §1132(g)(2) (footnote 31 eliminated)."

Awards of liquidated damages are "mandatory in an action in which judgment in favor of the plan is awarded." Central States, Southeast & Southwest Areas Pension Fund v. Gerber Truck Service, Inc., 870 F.2d 1148, 1156 (7th Cir. 1989), citing Gilles v. Burton Construction Co., 736 F.2d 1142, 1144 (7th Cir. 1984).

Based on this case law and the exhibits supporting the motion for summary judgment, it is clear that Banks Design owes and is obligated to pay Plaintiffs Trust Funds: $18,386.42 in delinquent principal contributions, audit fees and liquidated damages.

Further, the law provides that Plaintiffs Trust Funds are entitled to double interest (liquidated damages) in the amount of $3,712.69 ($797.71 for the payroll audit of 1/1/04-9/30/07

7

and $2,914.98 for the payroll audit of 10/1/07-4/30/08).Thus, the total amount of monies owed to the Plaintiffs Trust Funds is $22,099.11 ($18,386.42 + $3,712.69).

It is further clear that Banks Design is also liable to the Union pursuant to 29 U.S.C. §185. The Union has the right to enforce monetary obligations incurred by an employer pursuant to the parties' collective bargaining agreement which in this case includes the uncollected pre-tax payroll deductions taken by Banks Design from its employees' paychecks. Jim McNeff, Inc. v. Todd, 461 U.S. 260, 269 (1983). Thus, the Union is entitled to payment of $5,195.96 in delinquent principal deductions and interest.

Additionally, Bryan L. Banks is individually and personally liable for the unpaid delinquent principal deductions (and interest) because he deducted monies from his employees' paychecks and retained said monies, rather than transmit said monies to the designated depository as he was contractually required to do. As stated in Zygulski v. Daugherty, 236 B.R. 646, 652 (N.D. Ind. 1999), "Indiana law describes a constructive trust as a 'fiction of equity, devised for the purpose of making equitable remedies available against one who through fraud or other wrongful means acquires the property of another.' (Citations omitted.)". Finally, Plaintiffs are entitled to be reimbursed for the $7,062.50 and $350 in attorneys' fees and costs, respectively, incurred in this collection matter pursuant to ERISA and the provisions stated in the collective bargaining agreement.

## Conclusion

Based on the foregoing, Plaintiffs' Motion for Summary Judgment [DE 24] is hereby GRANTED.

(1) Defendant Banks Design is hereby ORDERED to pay: $18,386.42 which includes delinquent principal, liquidated damages and audit fees, plus $3,712.69 in double

damages to Plaintiffs Trust Funds;

(2) Defendants Banks Design and Bryan L. Banks are hereby JOINTLY AND SEVERALLY ORDERED to pay $5,195.96 in delinquent deductions and interest to the Plaintiff Union; and,

(3) Defendants Banks Design and Bryan L. Banks are hereby JOINTLY AND SEVERALLY ORDERED to pay $7,062.50 and $350 to Plaintiffs for their attorneys' fees and costs, respectively.

Entered: January 27, 2010.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court